IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICHARD PIERSON, <br><br> Plaintiff, <br><br> v. <br><br> LUIS BATISTA and <br> VICTORIA LOGISTICS, LLC, <br><br> Defendants. | CIVIL ACTION <br> FILE NO.: 5:22-cv-134 |

## NOTICE OF REMOVAL

COME NOW Defendants LUIS BATISTA and VICTORIA LOGISTICS, LLC, (hereinafter "Defendants"), and pursuant to 28 U.S.C. § 1441(a) and (c), hereby file this Notice of Removal, respectfully showing the Court as follows:

1.

Plaintiff filed this personal injury action arising from injuries sustained in a motor vehicle accident in the Superior Court of Monroe County, Georgia, Civil Action File No. SUCV2021000489 on December 14, 2021. Defendants were served on February 28, 2022. A copy of all pleadings and process served upon Defendants is attached to Defendants' Notice of Removal as Exhibit "1".

### Complete Diversity Jurisdiction Exists

2.

Plaintiff is a citizen of the State of Georgia and domiciled in Georgia. See, Exhibit "1" to Defendant's Notice of Removal, Complaint ¶ 1.

M0857086.1 15741

3.

At the time of the filing of the Complaint and to-date, Defendant Luis Batista is a citizen and resident of the State of Florida and domiciled therein.

4.

Defendant Victoria Logistics, LLC is a single member LLC, held by Defendant Luis Batista, who is a citizen of the State of Florida and domiciled therein. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Victoria Logistics, LLC is a citizen of Florida for purposes of diversity jurisdiction.

5.

Therefore, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332(c)(1).

**The Amount in Controversy Exceeds $75,000.00**

6.

The threshold "amount in controversy" requirement is also met in this case, as the injuries and categories of claims set forth in the Complaint contemplate damage to Plaintiff which, if proven and recoverable, will more likely than not exceed the $75,000.00 threshold. See, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (*citing* Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) (removal allowed where amount in controversy can "more likely than not be satisfied").

7.

A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceed the jurisdictional threshold . . ." (Dart Cherokee Basin Operating Co., LLC

v. Owens, 135 S.Ct. 547, 554 (2014)). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Id. at 554. In reviewing whether notices of removal satisfy the jurisdictional requirements, the district courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." (Id., *citing* H.R.Rep. No. 100-889, p. 71).

8.

In their Complaint, Plaintiff asserts damages for bodily injuries, pain and suffering, medical expenses, and lost wages. See, Complaint, ¶ 31. Moreover, Plaintiff also alleges special damages totaling $109,205.61. See, Complaint, ¶ 32.

**Removal is Timely**

9.

The foregoing action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446(a) and 1446(b), and 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the matter in controversy exceeds the sum of $75,000.00.

**Venue is Proper in the Northern District**

10.

The United States District Court for the Middle District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Middle District, Macon Division, encompasses Monroe County. *See* 28 U.S.C. § 90(a)(2).

**The Unanimity Requirement is Met Here**

11.

The Supreme Court has construed the removal statues to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." See Russell Corp. v.

Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001)(citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900)).  All Defendants consent to this Notice of Removal.

### Removal is Proper

12.

No previous application for the relief sought herein has been made to this or any other Court.

13.

Good and sufficient defenses to Plaintiff's claims exist.

14.

Within thirty (30) days after service on Defendants, notice is hereby given in accordance with 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure of the removal of said action to this Court.

15.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiffs and to the Clerk of the State Court of Cobb County.  A copy of the Notice of Filing Notice of Removal is attached to Defendant's Notice of Removal as Exhibit "2".

16.

WHEREFORE it is hereby requested that this Court grant the removal of this case to the United States District Court for the Middle District of Georgia, in which district this suit is pending.

Respectfully submitted this 30th day of March, 2022.

*[signature on following page]*

-5-

        MCMICKLE, KUREY & BRANCH, LLP

        */s/ Matthew R. Sessions*
        SCOTT W. MCMICKLE
        Georgia Bar No. 497779
        MATTHEW R. SESSIONS
        Georgia Bar No. 899806
        ***Attorneys for Defendants***

217 Roswell Road, Suite 200
Alpharetta, Georgia  30009
Telephone:  (678) 824-7800
Facsimile:   (678) 824-7801
swm@mkblawfirm.com
msessions@mkblawfirm.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the within and foregoing **NOTICE OF REMOVAL** by e-filing same with the CM/ECF-GA electronic filing system which will send email notification to all counsel as follows:

Jan P. Cohen, Esq.
Kenneth S. Nugent, PC
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
jcohen@attorneykennugent.com
*Attorney for Plaintiff*

This 30th day of March, 2022.

*/s/ Matthew R. Sessions*
MATTHEW R. SESSIONS
For the Firm