**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MONROE COUNTY, GEORGIA

**SUCV2021000489**

**DEC 14, 2021 11:57 AM**

*Lindsey Taylor*
Lindsey Taylor, Clerk
Monroe County, Georgia

## IN THE SUPERIOR COURT OF MONROE COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **RICHARD PIERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **vs.** | ) | |
| | ) | |
| **LUIS BATISTA and VICTORIA** | ) | |
| **LOGISTICS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT FOR DAMAGES</u>

COMES NOW Richard Pierson, Plaintiff in the above-styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby files this, his Complaint (the "Complaint") against Defendants Luis Batista and Victoria Logistics, LLC, and shows this Honorable Court as follows:

1.

Richard Pierson ("Plaintiff") is a resident of the State of Georgia and currently resides at 1220 Candlewyck Drive, Warner Robins, Georgia 31088. For purposes of the instant action, Plaintiff subjects himself to the jurisdiction and venue of this Court.

2.

Luis Batista ("Defendant Batista") is a resident of Miami-Dade County, Florida and subject to the jurisdiction of this Court pursuant to O.C.G.A. § 40-12-3 which states in pertinent part, "actions brought under this chapter relating to the use of the highways of this state by a nonresident motorist shall be brought in the county in which the accident or injury occurred or the cause of action originated, or in the county of the residence of the Plaintiff, as the Plaintiff in such action may elect..." Defendant Batista may be served with a copy of this Complaint and Summons at his residence, to-wit: 14912 SW 18th Terrace, Miami, Florida 33185.

3.

Defendant Victoria Logistics, LLC (Defendant "Victoria"), is a Florida Corporation doing business in the State of Georgia. Service of a Second Original Summons and Complaint may be made on this Defendant by serving its registered agent, to wit: Luis Batista, 691 E 63 Street, Hialeah, Florida 33013 and is subject to the jurisdiction and venue of this Court.

## SUMMARY OF FACTS

4.

On or about March 31, 2020, Plaintiff was driving a 2012 BMW Z4 traveling northbound on GA Highway 401, in the County of Monroe, State of Georgia.

5.

On or about same time and place, Defendant Batista was driving a 2009 Freightliner Truck northbound on GA Highway 401 ahead of Plaintiff's vehicle.

6.

On or about March 31, 2020, Defendant Batista failed to maintain his lane of travel while attempting to negotiate a curve. Suddenly, and without warning, Defendant Batista collided with the guardrail causing the Freightliner and its trailer to overturn, blocking all lanes travel. Plaintiff was unable to avoid the wreckage and collided with the disabled tractor trailer, which caused damages to Plaintiff's vehicle and injuries to Plaintiff.

7.

At all times relevant hereto, the vehicle in which Plaintiff was traveling as a passenger was operated in a safe, reasonable, and prudent fashion.

8.

At said time and place, Defendant Batista failed to act in the manner expected of a reasonable and prudent driver by failing to maintain his lane of travel, and Defendant Batista was otherwise negligent in the premises.

9.

As a direct and proximate result of the collision, Plaintiff sustained immediate and severe injuries to his back and right ankle.

10.

Defendant Batista's failure to obey traffic laws by failing to maintain his lane of travel constitutes a violation of O.C.G.A. § 40-6-48.

11.

Because Defendant Batista violated O.C.G.A. § 40-6-48, Defendant's actions constitute negligence per se, as well as ordinary negligence.

12.

Defendant Batista's negligent actions were the sole, direct, and proximate cause of the collision.

13.

The aforesaid collision was not the result of any negligence on the part of Plaintiff or any person other than Defendant Batista.

14.

At the time of the collision which is the subject-matter of this case, Defendant Batista was driving and operating a vehicle which was owned by Defendant Victoria.

15.

Defendant Batista's operation of Defendant Victoria's vehicle was warranted under the express authority granted him by virtue of his agency and/or employment relationship with Defendant Victoria.

16.

When Defendant Batista committed the negligent acts described above, he was acting under the direction and control of Defendant Victoria, and was acting within the scope of his employment and in furtherance of Defendant Victoria.

17.

The negligent acts committed by Defendant Batista were within the range of Defendant Batista's employment and for the purpose of accomplishing the business authorized by Defendant Victoria.

18.

Defendant Victoria, is therefore liable to the Plaintiff under the theory of *Respondeat Superior*, for the negligent acts and omissions of its agent and/or employee, Defendant Batista; as such acts were committed in the course and scope of these agencies and/or employment by Defendant Victoria, and proximately caused the Plaintiff's injuries.

19.

As a result of the injuries Plaintiff sustained in the collision, Plaintiff has incurred significant physical and mental pain and suffering as well as extensive costs and expenses, all of which will be itemized by appropriate amendment to these pleadings.

20.

Defendants Batista and Victoria, are therefore jointly and severally liable to Plaintiff for special and general damages in an amount to be proved by the evidence at trial.

## COUNT 1: NEGLIGENCE OF
## DEFENDANT LUIS BATISTA

### 21.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

### 22.

The negligence was caused in whole or in part by the negligence and negligence-per-se of Defendant Batista in one or more of the following respects:

a.    Defendant Batista failed to drive at a reasonable and prudent speed;

b.    Defendant Batista failed to obey the traffic laws in the State of Georgia;

c.    Defendant Batista failed to take evasive action to avoid the collision made the basis of this claim;

d.    Defendant Batista drove Defendant Victoria's vehicle in reckless and/or careless disregard for the safety of other drivers on the highway especially the Plaintiff herein; and

e.    Defendant Batista failed to maintain control of Defendant Victoria's vehicle and failed to post a proper lookout.

### 23.

Further, the actions of Defendant Batista constitute a direct violation of numerous statutes of the State of Georgia, with such violations constituting negligence-per-se or negligence as a matter of law.  These statutory violations are:

O.C.G.A. § 40-6-390          Reckless driving;

O.C.G.A. § 40-6-241          Drivers to exercise due care; and

O.C.G.A. § 40-6-48           Failure to maintain lane.

24.

The above described acts of negligence and negligence per-se above caused the vehicle driven by Defendant Batista to become a barrier blocking all lanes of travel causing a collision with the Plaintiff's vehicle.

25.

Due to the collision caused by Defendant Batista, Plaintiff suffered serious bodily injuries, incurred medical expenses, lost wages and endured physical and emotional pain and suffering, past, present, and future.

## COUNT II: NEGLIGENCE OF DEFENDANT VICTORIA LOGISTICS, LLC

26.

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27.

The collision occurred as a direct and proximate result of Defendant Victoria's negligent entrustment of their vehicle to Defendant Batista, in allowing Defendant Batista to drive its vehicle in a negligent manner, and in doing so failed to exercise ordinary care and regard for the safety of others.

28.

The negligence was caused in whole or in part by the negligence and negligence-per-se of Defendant Batista in one or more of the following respects:

a)      Defendant Victoria allowed Defendant Batista to drive their vehicle in a

        reckless and dangerous manner;

b)      Defendant Victoria allowed Defendant Batista to drive their vehicle knowing

        Defendant Batista was not a competent driver;

c)      Defendant Victoria knew or should have known that Defendant Batista posed

        a risk to others;

d)      Defendant Victoria knew or should have known that Defendant Batista

        would drive their vehicle in a dangerous and reckless manner.

29.

All Defendants herein are therefore jointly and severally liable to Plaintiff for general

damages in an amount to be proven by the evidence at trial.

## COUNT III: INJURIES
## TO PLAINTIFF

30.

Paragraphs 1 through 29 of this Complaint are incorporated herein by reference.

31.

As a direct and proximate result of the actions of Defendant Batista, Plaintiff has sustained:

a)      Various bodily injuries, including but not limited:  back pain; right ankle pain; L5

        anterior compression fracture and right ankle calcaneal fracture;

b)      Past, present and future mental and physical pain and suffering and disruption of

        normal life and diminution in the enjoyment of life;

c)      Past, present and future medical expenses; and

d)      Lost wages and incidental expenses.

32.

Plaintiff has incurred the following special damages:

| | | | |
|---|---|---|---:|
| Monroe County EMS | 03/31/2020 - | 03/31/2020 | $    921.50 |
| Monroe County Hospital | 03/30/2020 - | 03/30/2020 | $  2,226.68 |
| Emergency Physicians of Forsyth | 03/30/2020 - | 03/30/2020 | $  2,138.00 |
| South Georgia Radiology Associates | 03/31/2020 - | 03/31/2020 | $    370.00 |
| Monroe County EMS | 03/31/2020 - | 03/31/2020 | $  1,175.00 |
| Navicent Health | 03/31/2020 - | 04/01/2020 | $ 23,150.78 |
| Radiology Associates of Macon | 03/31/2020 - | 10/05/2020 | $    822.00 |
| Health Services of Central GA | 03/31/2020 - | 04/01/2020 | $  1,145.00 |
| Georgia Magnetic Imaging Center | 03/31/2020 - | 03/31/2020 | $    257.00 |
| Georgia Neurological Institute | 03/31/2020 - | 09/01/2020 | $  6,618.00 |
| GA Orthopaedic Trauma Institute | 04/23/2020 - | 10/05/2020 | $    246.00 |
| Dr. Richard Smith | 04/24/2020 - | 04/24/2020 | $    153.00 |
| Middle Georgia Orthopaedics | 06/29/2020 - | 09/14/2020 | $  9,640.00 |
| Breg, Inc. (Back Brace) | | | $  1,860.00 |
| DJO, LLC (Walking Boot) | | | $    335.04 |

**TOTAL MEDICALS**                                        **$ 51,058.00**

Lost Wages                     03/31/2020 -   10/19/2020   $  58,147.61

**TOTAL SPECIALS**                                        **$ 109,205.61**

33.

The charges for the above referenced bills are reasonable and customary for the treatment that Plaintiff has received and/or will receive.

34.

The above referenced charges were/are necessary to treat the injuries Plaintiff suffered as a result of this accident.

35.

Defendants are therefore liable to Plaintiff for past and future special damages in the amount of $109,205.61.

36.

Defendants are further liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

**WHEREFORE**, Plaintiff prays that he has judgment against Defendants as follows:

a)      Trial by jury;

b)      Judgment against the Defendants for general damages in an amount to be determined by the Court;

c)      Judgment against the Defendants for special damages in an amount to be proven at trial;

d)      Judgment against the Defendants for costs and expenses;

e)      Judgment against the Defendants for such other and further relief as this Court deems appropriate; and

f)      That Plaintiff recover for attorneys' fees and all other damages allowed under O.C.G.A. § 13-6-11.

This 14th day of December, 2021.

**KENNETH S. NUGENT, P.C.**

  _/s/ Ryan M. Horn_
Ryan M. Horn
Georgia Bar No. 794788
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

15741



# Miami-Dade Police Department

## Court Services Section

**Alfredo Ramirez, III**
*Director / Metropolitan Sheriff*



EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MONROE COUNTY, GEORGIA

**SUCV2021000489**

MAR 04, 2022 09:19 AM

Lindsey Taylor, Clerk
Monroe County, Georgia

RICHARD PIERSON vs. LUIS BATISTA (et al.)

Case Number
SUCV2021000489

---

## RETURN OF SERVICE

### SUMMONS - CIVIL

| | | |
|---|---|---|
| 2/28/22  12:00 pm  Served - Sheriff's Office | SERVED | LUIS BATISTA |

02/15/2022   Came this day into hand of the Sheriff

02/22/2022   09:48 AM - CSS1 MARINA DEJESUS #4137, ATTEMPTED TO SERVE THE SUMMONS TO LUIS BATISTA AT 14912 SW 18TH TERRACE, MIAMI, FL 33185. THERE WAS NO ANSWER.\N\N

02/28/2022   12:00 PM - SERVED THE SUMMONS UPON LUIS BATISTA PERSONALLY AT THE MIAMI-DADE COUNTY SHERIFF'S OFFICE, OVERTOWN TRANSIT VILLAGE SOUTH, 601 NW 1 COURT, 9TH FLOOR, MIAMI, FL 33136.

JADA FULTON, CSS2, #6688

**KENNETH S. NUGENT, P.C.**
**4227 PLEASANT HILL RD.**
**BUILDING 11, SUITE 300**
**DULUTH, GA 30096**

# Miami-Dade Police Department

Court Services Section

**Alfredo Ramirez, III**
*Director / Metropolitan Sheriff*



EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MONROE COUNTY GEORGIA

**SUCV2021000489**

MAR 04, 2022 09:19 AM

Case Number
SUCV2021000489
Lindsey Taylor, Clerk
Monroe County, Georgia

RICHARD PIERSON vs. LUIS BATISTA (et al.)

## RETURN OF SERVICE

SUMMONS - CIVIL

| 2/28/22 12:00 pm | Served - Sheriff's Office | | SERVED | VICTORIA LOGISTICS, LLC |
|---|---|---|---|---|

| | |
|---|---|
| 02/15/2022 | Came this day into hand of the Sheriff |
| 02/17/2022 | 03:58 PM - CSS1 MANUEL SOLARES #9319, ATTEMPTED TO SERVE THE SUMMONS TO VICTORIA LOGISTICS, LLC AT C/O RA LUIS BATISTA, 691 E 93RD STREET, HIALEAH, FL 33013. THERE WAS NO ANSWER.\N\N |
| 02/17/2022 | 07:50 PM - CONTACT ACTIVITY, CSS1 MANUEL SOLARES #9319.\N\NPER ARMANDO (TENANT 10YRS) STATES DOES NOT KNOW NAMED PERSON ,STATES OWNER'S NAME IS CALLED YOANNY BORGES |
| 02/22/2022 | 09:48 AM - CSS1 MARINA DEJESUS #4137, ATTEMPTED TO SERVE THE SUMMONS TO VICTORIA LOGISTICS, LLC AT C/O RA LUIS BATISTA, 691 E 93RD STREET, HIALEAH, FL 33013. THERE WAS NO ANSWER.\N\N |
| 02/23/2022 | 09:30 AM - CSS1 MARINA DEJESUS #4137, ATTEMPTED TO SERVE THE SUMMONS TO VICTORIA LOGISTICS, LLC AT C/O RA LUIS BATISTA, 691 E 93RD STREET, HIALEAH, FL 33013. THERE WAS NO ANSWER.\N\N |
| 02/28/2022 | 12:00 PM - SERVED THE SUMMONS UPON VICTORIA LOGISTICS, LLC BY SERVING LUIS BATISTA-OWNER/AGENT AT THE MIAMI-DADE COUNTY SHERIFF'S OFFICE, OVERTOWN TRANSIT VILLAGE SOUTH, 601 NW 1 COURT, 9TH FLOOR, MIAMI, FL 33136. |

ADDITIONAL TRANSLATION PROVIDED BY CSS1 MELISSA TELLO

JADA FULTON, CSS2, #6688

**KENNETH S. NUGENT, P.C.**
**4227 PLEASANT HILL RD.**
**BUILDING 11, SUITE 300**
**DULUTH, GA 30096**

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MONROE COUNTY, GEORGIA

**SUCV2021000489**

**DEC 14, 2021 11:57 AM**

*Lindsey Taylor*
Lindsey Taylor, Clerk
Monroe County, Georgia

**IN THE SUPERIOR COURT OF MONROE COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **RICHARD PIERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **vs.** | ) | |
| | ) | |
| **LUIS BATISTA and VICTORIA** | ) | |
| **LOGISTICS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY

The undersigned hereby certifies that, pursuant to O.C.G.A. § 9-11-29.1 and other applicable provisions of law, he has this day delivered for service upon Defendants true and correct copies of Plaintiff's First Interrogatories, Request for Admissions, and Request for Production of Documents as provided by law.

Respectfully submitted this 14th day of December, 2021.

**KENNETH S. NUGENT, P.C.**

    /s/ Ryan M. Horn
Ryan M. Horn
Georgia Bar No. 794788
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MONROE COUNTY, GEORGIA

**SUCV2021000489**

**DEC 14, 2021 11:57 AM**

*Lindsey Taylor*
Lindsey Taylor, Clerk
Monroe County, Georgia

## IN THE SUPERIOR COURT OF MONROE COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **RICHARD PIERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **vs.** | ) | |
| | ) | |
| **LUIS BATISTA and VICTORIA** | ) | |
| **LOGISTICS, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LUIS BATISTA

COMES NOW, Richard Pierson, Plaintiff in the above-styled case, by and through his undersigned counsel of record, Kenneth S. Nugent, P.C., and herewith serves upon this Defendant the following Requests for Admissions, Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires this Defendant to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.  You are advised that if you fail to admit any of the Requests for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

### REQUEST FOR ADMISSIONS

1.

Admit that you have been correctly named in the instant action insofar as the legal designation of names is concerned.

2.

Admit that you are familiar with the roadway described in the Complaint.

3.

Admit that you left your lane of travel, struck a guard rail and overturned your vehicle directly in the path of Plaintiff's vehicle on or about March 31, 2020.

4.

Admit that Plaintiff was not contributorily negligent in said incident.

5.

Admit that Plaintiff did nothing wrong with regard to said incident.

6.

Admit that Plaintiff did not assume the risk of injury with regard to said incident.

7.

Admit that you failed to maintain your lane of travel before the incident in question took place.

8.

Admit that you violated O.C.G.A. § 40-6-48 (failure to maintain lane).

9.

Admit that as a direct and proximate result of the incident described in the Complaint the Plaintiff suffered bodily injuries on or about March 31, 2020.

10.

Admit that venue is proper in the Superior Court of Monroe County.

11.

Admit that you were served with a copy of the Summons and Complaint.

12.

Admit that no person not a party to this lawsuit was at fault in the subject incident.

## **FIRST INTERROGATORIES**

You are required to answer the following Interrogatories and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.

In answering the following Interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

These Interrogatories shall be deemed continuing in accordance with the Georgia Civil Practice Act so as to require supplemental responses if you or your attorneys or agents obtain further information between the time the responses are served and the time of trial.  Any supplemental responses are to be served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the incident which occurred on or about March 31, 2020, at approximately 3:51 a.m. on GA Highway 401 in Monroe County, Georgia, involving Plaintiff and Defendant Luis Batista; and which forms the basis of the Complaint filed by Plaintiff.

1.

Please state your full name, marital status (and spouse's full name), present street address and telephone number, date of birth and social security number.

2.

At the time of the incident which is the subject of this lawsuit, were you acting in the course and scope of your employment for any employer?  If so, identify said employer.

3.

Please list the names and addresses of any relatives you have in the county in which this action is pending or any county to which you contend this action must be transferred to for trial.

4.

State the purpose, point and time of beginning, destination, and the length of time and place of all stops of the trip you were on at the time of the incident referred to in the complaint, and state the name and addresses of each passenger in the vehicle at the time of this incident.

5.

Describe in detail your version of how the subject incident occurred, including what you did to avoid the incident and giving all facts concerning the details of the events before and at the time of the incident which you believe contributed to the incident.

6.

Describe in detail each act or omission on the part of Plaintiff which you contend constituted negligence that was a contributing cause of the incident in question.

7.

Describe in detail each act or omission on the part of any non-party which you contend constituted negligence that was a contributing cause of the incident in question.

8.

Did you consume any drugs, prescription or non-prescription, or alcoholic beverage of any type within twenty-four (24) hours prior to the subject incident?  If so, please identify the drug or alcohol consumed, the quantity of such drug or alcohol consumed, the time of such consumption, and identify any individuals who have knowledge of such consumption.

9.

At the time of the incident, were you suffering from any physical or mental condition, disability or sickness, and if so, please state:

(a)     The type and manner of the condition, disability or sickness;

(b)     The date of the onset of the condition, disability or sickness; and

(c)     The identity of each medical practitioner who has treated you for such condition, disability or sickness.

10.

Do you wear glasses or contact lenses?  If so, state:

(a)     Who prescribed your glasses or contacts;

(b)     When your glasses or contacts were prescribed; and

(c)     When and by whom your eyes were last examined.

11.

Please specify the time, place and substance of any conversation which you had, or which any person in your presence had, at the scene of the incident about the manner in which it happened; and if you contend that any admissions respecting the issues in this suit were made in those conversations please set forth the substance of each such admission, the names and addresses of each person making the admission or admissions, and the names and addresses of all persons present when the admission or admissions were made.

12.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who saw or claim they saw all or any part of the occurrence complained of in this action?

13.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to you who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

14.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all persons known to you who have knowledge of relevant information, facts or circumstances in this case?

15.

State the name and address of each person including this Defendant from whom any statement(s) in any form, whether written or oral, has been obtained with regard to the incident and state the name and address of the person who has possession, custody or control of any such statement.

16.

Identify all photographs taken of any person or thing in connection with the incident. With respect to each such photograph, state:

(a)     The name and address of the person who took the photograph;

(b)     What is depicted in the photograph; and

(c)     The name and address of the person now having custody or possession of the negative of said photograph and of the positive prints thereof.

17.

List the name and address of all persons, corporations or entities who were registered title owners or who had any legal or equitable interest in the motor vehicle this Defendant was driving

at the time of the incident and any and all automobiles owned by this Defendant at the time of this incident.

18.

Describe fully the extent to which any mechanical problems with your vehicle, the condition of the weather, the condition of the highway, the occupants of your vehicle or any other external factor or factors influenced, contributed or led to the incident made the basis of this action.

19.

Did you or any occupant in your vehicle own a mobile telephone, or have one in your possession, on March 31, 2020?  If so, please identify the name in which the telephone was registered, the provider of services for that telephone and state if you were talking, texting, emailing or otherwise using that telephone at the time of the subject incident.

20.

Were you charged with a violation of any law, ordinance or crime in connection with the incident?  If so, for each such charge, please state:

(a)      A complete description of the charge;

(b)      The name and address of the court before which the charge was brought;

(c)      What plea you entered to the charge; and

(d)      The ultimate disposition of the charge.

21.

Have you ever been in a prior or subsequent incident of any type where property damage or personal injury was sustained?  If so, please describe each such occurrence, including but not limited to, the type of incident, the date, the people involved and location thereof, and the type of damage or injury.

22.

Have you ever been involved in any other legal action, either as a Plaintiff or a Defendant?  If so, state the date and place of each such lawsuit, giving the name of the court, the names of the other parties involved, and the names of the attorneys representing each party.

23.

Have you ever been arrested, pled guilty, pled nolo (no contest) or been convicted of any felony or other crime involving moral turpitude?  If so, please state the offense alleged, the warrant, indictment or case number, the state, county and court involved, the date of the final order, and the outcome (sentence, fine, period of probation) from each such charge.

24.

Have you ever been charged or convicted of the violation of any traffic law or ordinance?  If so, with respect to each such violation, please state:

(a)     A complete description of the charge;

(b)     The date of the incident on which the charge was based;

(c)     The name and address of the court before which the charge was brought;

(d)     What plea you entered to the charge; and

(e)     The ultimate disposition of the charge.

25.

Please identify all policies of insurance providing coverage benefits of any type with regard to the vehicle in which you were driving at the time of the incident or with regard to any vehicle owned by you at the time of the incident or with regard to any policy for which you have presented any claim for payment of any coverage benefits or any policy of homeowner's and/or renter's insurance, "umbrella", or excess coverage, or any type of liability policy or other type of policy of insurance by or through which you were or might be insured or covered in any manner for any

claim arising out of the incident which is the subject of this lawsuit by providing the following information:

(a)    The name and address of the company issuing the policy;

(b)    The policy number;

(c)    The types of coverage and limits of coverage provided thereby;

(d)    The amount of any claim or demand made by you for payment of coverage benefits; and

(e)    The type of coverage benefit demanded.

26.

For each policy of insurance identified in response to the preceding interrogatories, please state:

(a)    Whether any such company has denied insurance coverage;

(b)    Whether any such insurance company is defending under a reservation of rights letter or agreement; and

(c)    Whether, to your knowledge, there are any coverage questions regarding any such policy mentioned above.

27.

For each person you intend to call as an expert witness at the trial of the above-styled matter, please state the following:

(a)    His or her name, address and telephone number;

(b)    His or her qualifications as an expert;

(c)    The subject matter to which said person is expected to testify;

(d)    The substance of the facts and opinions to which such person is expected to testify; and

(e)     A summary of the grounds for each opinion.

28.

Please state the names, addresses and the telephone numbers of each individual who is not an expert witness but who has knowledge with respect to the issues in this suit and who may be called to testify on behalf of this Defendant.

29.

Please identify all documents in your possession, custody or control which relate to the subject matter of this action.

30.

If you denied any of the foregoing Request for Admissions, for each admission you denied or any portion thereof, please give and state each fact upon which you base your denial and provide the name, address and phone number of all persons having knowledge of these facts and indicate which facts are supported by which person or persons.

31.

If, in responding to the foregoing Request for Admissions, you could not answer the admission for lack of sufficient information, please describe all inquiries made by you to attempt to answer the request.

32.

State specifically all facts which you contend support the defenses set forth in this Defendant's answer including, but not limited to, defenses based on lack of jurisdiction of the subject matter, lack of jurisdiction of the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, failure to join a party under O.C.G.A. §9-11-19, failure to correctly name a Defendant, or failure to sue a real party in interest.

## REQUEST FOR PRODUCTION OF DOCUMENTS

You are required to produce the documents requested herein and to permit the Plaintiff, or someone acting on their behalf to inspect them and copy such of them as they may desire, within forty-five (45) days from the date of service as provided by law.  You may produce such documents by mailing copies of same to the undersigned at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096.  YOU ARE FURTHER NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

This Request for the Production of Documents and other things shall be deemed continuing so as to require further and supplemental production of any and all documents and other things learned of or received after the time of compliance herewith, the production of which would otherwise have been required.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to agreements, amendments, analysis, appointment books, bank checks, bills, canceled checks, communications (including inter-office and intra-office), corporate records, correspondence, drafts, drawings, films, letters, lists, memoranda, microfiche, microfilm, newspapers, notebooks, notes, orders, photographs, sound recordings, videotapes, things similar to any of the foregoing, and notes, transcriptions or sound recordings of any type of personal or telephone conversations, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Please produce copies of all drivers licenses you now possess or that you did possess at the time of the subject incident.

2.

Please produce any and all documents which support or illustrate your version of the incident as provided in your response to Interrogatory 5 of Plaintiff's First Interrogatories to you.

3.

Please produce any documents evidencing the reason you were traveling in the vehicle you were driving at the time of the subject occurrence.

4.

Please produce any documents showing the route or directions you planned to take or follow had the incident not occurred.

5.

Please produce any books, documents or other tangible things evidencing any facts or circumstances upon which your defenses to the Plaintiff's allegations of negligence, causation and damages are based, or upon which you rely to demonstrate and support relevant facts pertaining to the allegations contained in Plaintiff's Complaint and your Answer thereto.

6.

Please produce any and all documents which support your response to Interrogatories 9 and 10 of Plaintiff's First Interrogatories to you.

7.

Please produce any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge or claiming to have relevant information or knowledge of any fact or circumstance pertaining to the incident described in the Complaint including but not limited to any such statements taken by any insurance adjuster or legal representative. If you claim any privilege as to any such statements, please state the nature of the privilege and the date and substance of each such statement.

8.

Please produce any and all correspondence between the parties in connection with the incident giving rise to the present lawsuit.

9.

Please produce any and all photographs, video recordings, drawings, diagrams and/or illustrations of any person, place or thing related to the incident which gives rise to the present lawsuit, including but not limited to, any photographs or recordings of any of the vehicles taken after the incident giving rise to the present lawsuit, and any photographs or recordings of the scene of the occurrence of the incident.

10.

Please produce any and all documents which disclose the name and address of any person or persons who were the registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on date of the incident described in the Complaint.

11.

Please produce any and all repair bills or estimates of damage for the vehicle involved in the incident which were made as a result of the incident forming the subject matter of Plaintiff's Complaint.

12.

Please produce any and all medical records or medical information concerning Plaintiff which are in your possession, custody or control.

13.

Please produce any citations you received and any disposition of such citations as a result of the motor vehicle incident complained of in Plaintiff's Complaint.

14.

Please produce the transcript of any judicial or quasi-judicial hearing in connection with the subject occurrence.

15.

Please produce a copy of any incident report of any other vehicular incident in which you have been involved, exclusive of the incident giving rise to the present lawsuit.

16.

Please produce a copy of any civil complaint in which you have been named as a party other than the lawsuit herein.

17.

Please produce copies of all insurance policies that are identified in your responses to Plaintiff's First Interrogatories.

18.

Please produce a declaration page for each and every insurance policy which could possibly provide coverage in relation to this incident.

19.

Please produce any and all correspondence or other documents whereby any insurer has reserved rights as to coverage or has denied coverage to you, in whole or in part, in connection with the incident described in the Complaint.

20.

Please produce any and all documents and tangible items, including but not limited to, reports, memoranda, paper, notes, studies, photographs, videotapes, graphs, charts, tabulations, analysis, summaries, data sheets, statistical or information accumulations, data processing cards or worksheets and computer-generated documents, including drafts or preliminary revisions of any of the above, prepared in connection with this litigation by or under the direction or supervision of any witness whom you expect to call as an expert witness at the trial of this matter.

21.

Please produce any Event Data Recorder for the vehicle Defendant Luis Batista was driving at the time of the subject incident.

22.

Please produce all other documents referred to or used in the preparation of your responses to Plaintiffs' First Interrogatories.

Respectfully submitted this 14th day of December, 2021.

**KENNETH S. NUGENT, P.C.**

   */s/ Ryan M. Horn*
Ryan M. Horn
Georgia Bar No. 794788
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MONROE COUNTY, GEORGIA

SUCV2021000489

DEC 14, 2021 11:57 AM

*Lindsey Taylor*
Lindsey Taylor, Clerk
Monroe County, Georgia

## IN THE SUPERIOR COURT OF MONROE COUNTY

## STATE OF GEORGIA

RICHARD PIERSON,                               )
                                               )
          **Plaintiff,**                   )
                                               )      **CIVIL ACTION FILE NO.:**
vs.                                            )
                                               )
LUIS BATISTA and VICTORIA                      )
LOGISTICS, LLC,                                )
                                               )
          **Defendants.**                  )

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VICTORIA LOGISTICS, LLC

COMES NOW, Richard Pierson, Plaintiff in the above-styled case, by and through his undersigned counsel of record, Kenneth S. Nugent, P.C., and herewith serves upon this Defendant the following Requests for Admissions, Interrogatories and Request for Production of Documents, pursuant to the Georgia Civil Practice Act, and requires this Defendant to answer the following Admissions, Interrogatories and Request for Production of Documents separately and fully in writing under oath and to serve a copy of your answers on the attorneys for the Plaintiff within forty-five (45) days from the date of service as provided by law.  You are advised that if you fail to admit any of the Requests for Admissions and the Plaintiff is required to prove any fact contained in the Request at trial, the Plaintiff may seek all expenses incurred in making the proof, including reasonable attorneys' fees.

### REQUEST FOR ADMISSIONS

1.

This Defendant admits that it has been properly served with a copy of the Summons and Complaint in the above-styled action.

2.

This Defendant admits that jurisdiction and venue are proper in this case.

3.

This Defendant admits that Plaintiff sustained damages as a result of the subject incident.

4.

This Defendant admits that at all times relevant hereto, it was aware that Defendant Batista was a reckless and/or incompetent driver.

5.

This Defendant admits that Defendant Batista caused the incident described in the Complaint.

6.

This Defendant admits that at the time of the subject incident, Defendant Batista was acting within the course and scope of his employment for Defendant Victoria Logistics, LLC

7.

This Defendant admits that Victoria Logistics, LLC, owns the vehicle that caused the incident described in the Complaint for purposes of doing business.

8.

This Defendant admits that it did not properly check the driving record of employee Alberto Batista before allowing him to operate the company's vehicle(s), whether leased or owned.

9.

This Defendant admits that Victoria Logistics, LLC, was immediately notified of the incident.

10.

This Defendant admits that Victoria Logistics, LLC, knew that Alberto Batista was driving the vehicle made the subject of this litigation.

## FIRST INTERROGATORIES

You are required to answer the following Interrogatories and to serve a copy of your answers on the attorneys for the Plaintiffs within forty-five (45) days from the date of service as provided by law.

In answering the following Interrogatories, you are requested to give full and complete answers based upon all knowledge of you and your agents, employees, servants, representatives, investigators, and others who have obtained information on your behalf.

These Interrogatories shall be deemed continuing in accordance with the Georgia Civil Practice Act so as to require supplemental responses if you or your attorneys or agents obtain further information between the time the responses are served and the time of trial.  Any supplemental responses are to be served upon counsel for Plaintiffs within thirty (30) days from receipt of such additional information, but not later than the time of trial.

When used in these interrogatories, the term "incident" specifically refers to the incident which occurred on or about March 31, 2020, at approximately 3:51 a.m. on GA Highway 401 in Monroe County, Georgia, involving Plaintiff and Defendant Luis Batista; and which forms the basis of the Complaint filed by Plaintiff.

1.

State the full name of each person providing information responsive to these interrogatories including the following, position of employment with Victoria Logistics, LLC, or other entity, current residence address, and the authority under which you are providing these responses.

2.

List the name, address and telephone number of Defendant Batista's present employer as well as any known address for that defendant.  Please include responses applicable to the at fault

driver in this incident in the event you know or believe to know the identity of the at fault driver
or contend another individual to be responsible for the incident made the basis of this action.

3.

Describe all information you have concerning Defendant Batista's driving record and
indicate your information concerning the license number, the state of issuance, the date of issuance,
and all restrictions thereon.

4.

Did your company receive a citation as a result of the incident involved herein for any
violation of traffic laws or regulations?  If so, please state the date of the citation, the location
where the alleged violation occurred, naming the street or highway, and city or town; the nature of
the traffic violation alleged in the citation issued, the name of the court hearing the charges
contained in the citation, the date of that hearing, and the dismissal, fine, or other disposition which
resulted from the citations.

5.

Describe your inquiries into the driving records of your employees, stating whether you
check for a valid driver's license and whether you investigate their driving records before allowing
them to drive company vehicles.

6.

Describe in detail any and all motor vehicle incidents (including the incident which is the
subject matter of this litigation) in which your company has been involved during the past ten (10)
years; state the facts and circumstances of each incident, the nature and extent of any and all
injuries received as a result of each such incident, and any and all legal consequences including
fines, imprisonment, civil suit, settlement, etc. of such incident.

7.

State the purposes for which you entrusted the vehicle in question to Defendant Batista on the date in question, the purpose for which you had entrusted the vehicle, and the intended destination of his journey.

8.

Describe the employment history of Defendant Batista. Stating specifically:

(a)     How long she has been/was employed by Victoria Logistics, LLC;

(b)     If, when, and why he was terminated or resigned;

(c)     If there were any issues involving Defendant Batista resulting in disciplinary action throughout the course of employment; and

(d)     The rank and/or position held by Defendant Batista.

9.

Identify, as defined above, the owner, if not you, of the vehicle driven at the time of the incident which is the subject of Plaintiff's Complaint.

10.

Describe the damage that resulted to the vehicle you entrusted to Defendant Batista at the time of the incident, stating the portion of the body of the vehicle damaged and the parts of the vehicle repaired or replaced as a result of the incident, including the cost or estimated cost of said repairs, the name and address of the person or entity estimating or repairing the damage, and the present location of said vehicle.

11.

State whether you are aware if Defendant Batista had consumed any alcoholic beverage or any drug, whether prescription, over the counter, legal or illegal in the twenty-four (24) hour period prior to the occurrence which gave rise to this litigation.  If so, state the type of alcoholic beverage

or drug, the quantity consumed by him, when the consumption occurred, and over what period of time consumption occurred.

12.

Did Defendant Batista miss any days of work immediately following the incident made the subject of this litigation?  If so, please identify the days missed and if he was paid for those days absent.

13.

Please state whether you, your attorney, insurance carrier, their representatives, or anyone acting in your behalf or their behalf, have in your possession or have knowledge of any still photographs, motion pictures, video tapes, drawings or other graphic representations of the scene of this accident, the wreckage or any part thereof, any vehicle involved in this accident, any object, place or thing involved or relevant to this accident, any reconstruction or simulation of any aspect of this accident, or any of the Plaintiff taken since the time of the accident.

14.

If your answer to the foregoing Interrogatory was in the affirmative, please identify and describe each photograph, motion picture, or video tape:

(a)     The subject matter of each stating what views, scenes, or objects of each;

(b)     The name, business and residence address, and telephone number of each person who took, made or prepared each;

(c)     The total number of still photographs taken, and the total length of footage taken in any such motion pictures or video tapes;

(d)     The date each was taken and/or made;

(e)     The name, address and telephone number of the custodian of each;

(f)     Whether the subject matter represented therein differs in any way from the conditions existing immediately after this accident, (if yes, describe all

changes or differences in detail); and

(g)     Whether you will permit counsel for Plaintiffs to inspect and copy said

items without a formal request for production.

15.

Identify the owner of Victoria Logistics, LLC, and whether it is a Non-Profit, Private or

Government owned business, and the month, date, and year in which it was established.

16.

Is there any person specially retained as an expert by this Defendant, who this Defendant

expects to call as an expert witness at trial?  If so, identify (as defined above) this expert, the

subject matter or area for which each such expert was retained, the substance of the facts and

opinions held by each expert regarding the occurrence which forms the subject matter of this

litigation, and provide a summary of the grounds for each opinion of such expert.

17.

Does any insurance agreement or indemnity agreement exist covering yourself, your

company, and/or the vehicle which you were in at the time of the incident involved in this lawsuit,

under the terms of which the person or company issuing the same may be called upon to satisfy

all or part of any judgment which may be entered in favor of the Plaintiff in this action?  If so, state

the type of policy, the name and address of the insurer, the policy number, the name and address

of the person or persons insured, the policy number, the effective date of the coverage and the

limits of coverage provided by such agreement.

18.

State specifically all facts and legal theories which you contend support the defenses set

forth in this Defendant's answer including, but not limited to, defenses based on lack of jurisdiction

of the subject matter, lack of jurisdiction of the person, improper venue, insufficiency of process,

insufficiency of service of process, failure to state a claim upon which relief can be granted, failure to join a party under O.C.G.A. § 9-11-19, failure to correctly name a Defendant, or failure to sue a real party in interest.

19.

State specifically, any and all medical conditions of Plaintiff that this Defendant contends in any way affects the claim that Plaintiff have made in this action.  For each such condition, IDENTIFY, as defined above, any documents, photographs, statements, reports or other similar items which contain information regarding the condition, and any person who has information regarding such condition.

20.

Please state the content of each and every statement made by any Plaintiff in this action to you, or in your presence, which you overheard at the scene of this incident, in traffic court or at any other occasion when you came in contact with any Plaintiff.  Include with regard to each such statement the party to whom the statement was directed, and the date and time of the statement.

21.

Please state the content of each and every statement made by you to any Plaintiff in this action, or to the police officer at the scene of this incident, in traffic court or at any other occasion when you came in contact with any Plaintiff.  Include with regard to each such statement the party to whom the statement was directed, and the date and time of the statement.

22.

Describe fully the extent to which any mechanical problems with your vehicle, the condition of the weather, the condition of the highway, the occupants of your vehicle, or any other external factor or factors influenced, contributed, or led to the incident made the basis of this action.

23.

Describe as best you recall the events leading up to and including the incident, including in your answer:

      (a)     When you entrusted the vehicle to Defendant Batista;

      (b)     When were first notified of the incident;

      (c)     The length of any skid marks you observed at the scene.

24.

Identify how often all vehicles owned and/or leased by Victoria Logistics, LLC, are maintenanced and state what business or person performs the maintenance of such vehicles.

25.

Has Victoria Logistics, LLC, ever been a party to a lawsuit, either a Plaintiff or a Defendant?  If so, please state the case number, jurisdiction, and style of the case.


### **REQUEST FOR PRODUCTION OF DOCUMENTS**

You are required to produce the documents requested herein and to permit the Plaintiff, or someone acting on their behalf to inspect them and copy such of them as they may desire, within forty-five (45) days from the date of service as provided by law.  You may produce such documents by mailing copies of same to the undersigned at the office of Kenneth S. Nugent, P.C., 4227 Pleasant Hill Road, Building 11, Suite 300, Duluth, Georgia 30096.  YOU ARE FURTHER NOTICED TO PRODUCE THE DOCUMENTS AT ANY DEPOSITION, HEARING OR TRIAL OF THIS MATTER PURSUANT TO O.C.G.A. § 24-10-26.

This Request for the Production of Documents and other things shall be deemed continuing so as to require further and supplemental production of any and all documents and other things learned

of or received after the time of compliance herewith, the production of which would otherwise have been required.

The term "documents" is intended in the broad and literal sense, and means any and all forms of written, typed, printed, recorded, graphic, or computer matter, however produced, processed or reproduced, of any kind and description and whether an original, master, duplicate or copy, including but not limited to agreements, amendments, analysis, appointment books, bank checks, bills, canceled checks, communications (including inter-office and intra-office), corporate records, correspondence, drafts, drawings, films, letters, lists, memoranda, microfiche, microfilm, newspapers, notebooks, notes, orders, photographs, sound recordings, videotapes, things similar to any of the foregoing, and notes, transcriptions or sound recordings of any type of personal or telephone conversations, and all other physical things containing information, including preliminary drafts of and marginal or other notes, notations or comments appearing on any document, however denominated or described.

If you dispute the genuineness of any documents produced in response to this Request for Production of Documents, please provide information sufficient to locate and obtain the original of such document.

1.

Copies of all policies of insurance or indemnity under which you were, or may be, afforded insurance or indemnification coverage for the losses and damages claimed in this action.

2.

Each and every statement or report whether written, recorded, or otherwise preserved, made by any person who was either an eyewitness to any aspect of the subject matter of this case, or who has knowledge of any of the facts or circumstances relating to the subject matter of this case.

3.

Each and every statement or report, whether written, recorded, or otherwise preserved, prepared by any person or entity who, to your knowledge, has investigated or evaluated any physical object, site, or factual circumstance involved in this litigation.

4.

Each and every statement, letter or report, whether written, recorded, or otherwise preserved, from any expert, consultant, party or witness relating to the allegations of negligence, causation or damages, or any defense to such allegations.

5.

All diagrams, maps, models, plats, drawings, or other graphic representations of any kind whatsoever prepared by you, or on your behalf, as a result of the incident which is the subject matter of this litigation.

6.

All photographs, video tapes, photographic reproductions, or other visual representations of any kind whatsoever of any person, place, or thing involved in, or related to, this action.

7.

All documents, photographs, statements, reports, bills, or other similar items which contain information regarding any and all medical conditions of the Plaintiff that this Defendant contends in any way affects the claims that Plaintiffs have made in this action.

8.

All records of employment in possession of Defendant Victoria Logistics, LLC, regarding Defendant Batista, including hard copies and computer records.

9.

All maintenance records regarding the vehicle owned by Defendant Victoria Logistics, LLC, that was involved in the incident made the subject of this litigation.

10.

Please produce any Event Data Recorder for the vehicle Defendant Batista was driving at the time of the subject incident.

11.

Any and all safety manuals or materials, policies and procedures of any kind, including but not limited to the transferring of loads, the manner in which transfers should be conducted and where transfers can or should be transferred.

12.

Any and all driver's handbooks, training videos or materials of the like, minutes of safety meetings and frequency of said meetings.

Respectfully submitted this 14th day of December, 2021.

**KENNETH S. NUGENT, P.C.**

   */s/ Ryan M. Horn*
Ryan M. Horn
Georgia Bar No. 794788
Jan P. Cohen
Georgia Bar No. 174337
Attorneys for Plaintiff

4227 Pleasant Hill Road
Building 11
Duluth, Georgia 30096
T: (770) 495-6688
F: (770) 495-6787
rhorn@attorneykennugent.com
jcohen@attorneykennugent.com

1  VICTORIA LOGISTICS LLC
   *LUIS   BATISTA*
2  691 E 63 ST
   HIALeah , FL 33013
3  (305) 721-6213

4

5
   In the Superior Court of Florida in
6  the county of MONROE

7

8  Richard Pierson                    )Case No.: SUCV2021000489
                                      )ANSWER, AFFIRMATIVE DEFENSES
9          Plaintiff                  )
                                      )
10     vs.                            )
                                      )
11   LUIS BATISTA                     )
                                      )
12         Defendant(s)               )
                                      )
13 _____

14

15

16                    I. ANSWER

17 Defendant(s) answer the complaint as follows:

18 1.    Admit the statements contained in paragraph numbers 1,
         7,   8,   10,  11
19
   2.    Deny the statements contained in paragraph numbers
20
   3.    Lack knowledge about the truth and therefore deny the
21       statements contained in paragraphs numbers 2, 3, 4, 5, 6, 9
         12
22

23

24

25

26

27

28
                    [Affirmative Defense] - 1

FILED & RECORDED
CLERK SUPERIOR COURT
MONROE COUNTY, GA

2022 MAR 22 PM 4: 31

LINDSEY TAYLOR
CLERK OF COURT
BY

1

## II. AFFIRMATIVE DEFENSES

2  Defendant(s) other defenses are:
   Unjust Enrichment

3

4

5

6

7

8                                    Dated this March 14, 2022

9

10

11                                   VICTORIA LOGISTICS LLC

12                                   LUIS   BATISTA
                                     691 E 63 ST
13                                   HIALeah , FL 33013
                                     (305) 721-6213

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                          [Affirmative Defense] - 2

FILED IN OFFICE
22 day of March 2021
Marsha Gains, dep
CLERK OF SUPERIOR COURT
Monroe County, Ga.

1 | [Party/Attorney]

2 | [Street Address]

3 | [City, State ZIP]

4

In the ___[Superior/District]___ Court for the County of ___MONROE___

5

in the State of _____[GA]_____

6

7 | RICHARD PIERSON                    )    Case No.: SUCV2021000486
      )
8 |     Plaintiff,                     )
      )    Request for Interrogatories
9 |   v.                              )
      )
10 | VICTORIA LOGISTICS LLC            )
      )
11 |    Defendant.                     )
_____ )
12

13 |      RICHARD PIERSON      _____ requests that __VICTORIA LOGISTICS LLC__

14 | answer the following interrogatories in conjunction with this matter. If an

15 | objection is made, please state the reason for the objection. If denying the

16 | matter, please set forth in detail the reasons why the answering party cannot

17 | answer the questions.

18 |                          **Interrogatories**

19 | 1. LUIS BATISTA, DIVORCED, DOB 10/10/1975  SSN

20 | _____

21 | 2. Yes, Victoria Logistics LLC

22 | 3.  N/A_____

23 | 4. WEST PALM BEACH FL - CONYERS GA. FREIGHT CARGO, NO PASSENGERS

24 | 5.  While driving on that road I felt sick, weakened, foggy and
       disoriented lost control of vehicle, failed to maintain lane and
25 |   collided with guardrail causing the Freightliner and its trailer
       to overturn. By the moment I regained Clarity Truck was already
26 |   overturned.

27

28 | 6. I was already exciting through truck window and Truck was
      already overturned on road when plaintiff crashed, had he been
      paying better attention to the road, he may have seen it and
      avoid collision

7. N/A

8. No

9. Not knowledge at time of accident, but I did had Novel Virus Covid 19

10. No

11. N/A

12. N/A

13. N/A

14. N/A

15. luis Batista

16. N/A

17. Victoria Logistics LLC

18. Vehicle was just given maintenance, in Good operable conditions

19. Under the name : luis Batista

20. Yes, resolved

21. No

22. Divorce

23. No

24. Yes resolved

25. Hanover insurance group IHZ D75005600, County Hall CHL 0103414-19

### Certification Under Penalty of Perjury

I certify under penalty of perjury pursuant to the laws of the State of florida _____ that the foregoing is true and correct.

Answered this 14 day of March , 2022 .

_____ Luis Batista _____
[Party's Name]
Name: _____
Its: _____
[Party]

Patient Name:  **Batista, Luis**
MRN:  **10083101**
Encounter:  **907019511**

Admit Date:  **4/2/2020**
Discharge Date:  **4/2/2020**

## *Emergency Documentation*

© 2006-2020 Healthwise, Incorporated.
Las instrucciones de cuidado fueron adaptadas bajo licencia por su profesional de atención
médica. Si usted tiene preguntas sobre una afección médica o sobre estas instrucciones. siempre
pregunte a su profesional de salud. Healthwise, Incorporated niega toda garantía o
responsabilidad por su uso de esta información.

Document Type:
Service Date/Time:
Result Status:
Document Subject:
Perform Information:
Sign Information:

ED Patient Summary
4/2/2020 21:32 EDT
Modified
ED Patient Summary
Estopinales,Adrian (4/2/2020 21:32 EDT)
Estopinales,Adrian (4/2/2020 21:32 EDT)  Giovanni,Ann C
MD (4/2/2020 21:11 EDT)

**ED Patient Summary**

### West Kendall Baptist Hospital

### 9555 SW 162 Ave., Miami, FL 33196

### 786-467-2000

### Discharge Instructions (Patient)

**Name:** Batista. Luis
**DOB:** 10/10/65          **MRN:** 10083101          **FIN:** 907019511
**Reason For Visit:** Chest pain; Cough; Tachycardia @ 117; Fever: "cough"
**Final Diagnosis:** Atypical pneumonia; Coronavirus infection SUSPECT COVID19; Thrombocytopenia; Viral
illness

**Visit Date:** 04/02/20 17:52:00
**Address:** 14912 SW 18TH TER Miami FL 33185
**Phone:**

**Primary Care Provider:**
  **Name:** No PCP, NO PCP
  **Phone:**

**Emergency Department Providers:Primary Physician:**
Giovanni, Ann C MD

**Advanced Practitioner Provider:**

Scanned with CamScanner

DDS-3201/RB

# GEORGIA
## UNIFORM TRAFFIC CITATION, SUMMONS AND ACCUSATION

Court Case Number

GA1020000
NCIC Number
**MONROE CO SO**

**No** 202000167
Citation Number

**SECTION I VIOLATOR**

Upon
Month **MARCH** (Day) **31** (Year) **2020** at **04:00** ☐ A.M. ☐ P.M.

Operator License No. **B-323-520-65-370-0**

License Class or Type **CLASS A** State **FL** Endorsements

Name **BATISTA** (Last) **LUIS** (First) (Middle) Expires **10/10/2025**

Address **14912 SW 18TH TER**

City **MIAMI** State **FL** Zip Code **33185** Tel

DOB **10/10/1965** Hair **BLK** Hgt **507** Wgt **200** Sex **M** Race **H** Eyes **BRO**

Veh Yr. **2009** Make **FREI** Style **TR** Color **BLU** State **FL**

Registration No. **JB19BZ** Yr. **2020** State **FL**

CDL ☐ YES ■ NO   ACCIDENT ☐ YES ■ NO   INJURIES ☐ YES ■ NO   FATALITIES ☐ YES ■ NO

☐ 2-LANE RD ☐ SCHOOL ZONE ☐ DRIVER REQ. ACCURACY CHECK ☐ VASCAR ☐ LASER ☐ RADAR
Within the State of Georgia, did commit the following offense: SPEEDING - Clocked by ☐ PATROL VEHICLE ☐ OTHER
(Serial #) Calibration Check ☐ of MPH in a Zone

☐ DUI (Test Administered) ☐ BLOOD ☐ BREATH ☐ URINE ☐ OTHER) DUI Test Results
TEST ADMINISTERED BY (if Applicable)

**SECTION II VIOLATION**

OFFENSE (Other than above) **FAILURE TO MAINTAIN LANE**

In Violation of Code Section **40-6-48** of ■ State Law ☐ Local Ordinance

REMARKS

| WEATHER | (A) ROAD (B) | | TRAFFIC | LIGHTING | COMMERCIAL VEHICLE INFORMATION |
|---|---|---|---|---|---|
| ■ Clear | ■ Dry | ☐ Concrete | ■ Light | ☐ Daylight | ☐ Commercial Vehicle Violation |
| ☐ Cloudy | ☐ Wet | ■ Blacktop | ☐ Medium | ☐ Darkness | ☐ Hazardous Material Violation (PLACARD) |
| ☐ Raining | ☐ Ice | ☐ Dirt | ☐ Heavy | ☐ Other | ☐ 16+ Passenger Vehicle |
| ☐ Other | ☐ Other | ☐ Other | | | |

**SECTION III LOCATION**

County of **MONROE** and miles at (city) **FORSYTH**

on **75 NB PAST 194-195** if or near **FORSYTH**
at/on (secondary location) mile post so within (city)
OFFICER (Print) **SHERRELL, CHRIS** Badge # **262** On **PATROL**

You are hereby ordered to appear in Court to answer this charge on the **08** day of **JULY**

**2020** at **09:00** ■ AM ☐ PM in the **PROBATE** Court

at **1 COURTHOUSE SQUARE**

City **FORSYTH** Georgia

**SECTION IV SUMMONS**

**NOTICE:** This citation shall constitute official notice to you that **failure to appear in Court** at the date and time stated on this citation to dispose of the cited charges against you shall cause the designated Court to forward your driver's license number to the Department of Driver Services, and **your driver's license shall be suspended.** (Georgia Code 17-6-11 and 40-5-56) The suspension shall remain in effect until such time as there is a satisfactory disposition of this matter at the Court notifies the Department of Driver Services.

LICENSE DISPLAYED IN LIEU OF BAIL ■ YES ☐ NO RELEASED TO A.C.T.

SIGNATURE ACKNOWLEDGES SERVICE OF THIS SUMMONS AND RECEIPT OF COPY OF SAME

SIGNATURE

**SECTION V CERTIFICATION**

ARRESTING OFFICER'S CERTIFICATION
The undersigned has just and reasonable grounds to believe, and does believe, that the person named herein has committed the offense set forth, contrary to law.

SIGNATURE _____
Signature of Arresting Officer

Badge # **262**

AUTHORIZED AND APPROVED PURSUANT TO
CODE 40-13-1 - D.D.S. REG. 375-3-4-01

**VIOLATOR COPY**

1 | VICTORIA LOGISTICS LLC
    LUIS   BATISTA
2 | 691 E 63 ST
    HIALeah , FL 33013
3 | (305) 721-6213

4

5

In the Superior Court of Florida in
6 | the county of MONROE

7

8 | Richard Pierson                     )Case No.: SUCV2021000489
                                        )ANSWER, AFFIRMATIVE DEFENSES
9 |          Plaintiff                  )
                                        )
10 |     vs.                            )
                                        )
11 | VICTORIA LOGISTICS LLC             )
                                        )
12 |          Defendant(s)              )
                                        )
13

14

15

16 |                         I. ANSWER

17 | Defendant(s) answer the complaint as follows:

18 | 1.     Admit the statements contained in paragraph numbers 1,
             2, 6, 7, 9
19
20 | 2.     Deny the statements contained in paragraph numbers  4, 8, 10

21 | 3.     Lack knowledge about the truth and therefore deny the
             statements contained in paragraphs numbers   3, 5

22

23

24

25

26

27

28
                          [Affirmative Defense] - 1

1 ## II. AFFIRMATIVE DEFENSES

2 Defendant(s) other defenses are:
Unjust Enrichment

3

4

5

6

7

8                              Dated this March 14, 2022

9

10

11                              VICTORIA LOGISTICS LLC

12                              LUIS    BATISTA
                                691 E 63 ST
13                              HIALeah  , FL 33013
                                (305) 721-6213

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              [Affirmative Defense] - 2

1  [Party/Attorney]

2  [Street Address]

3  [City, State ZIP]

4      In the ___[Superior/District]___ Court for the County of ___MONROE___

5               in the State of _____[GA]_____

6

7  **RICHARD PIERSON**         )   Case No.: SUCV2021000489

                        )

8      Plaintiff,        )

                        )   Request for Interrogatories

9    v.               )

                        )

10  **VICTORIA LOGISTICS LLC**   )

                        )

11      Defendant.       )

                        )

12

13      **RICHARD PIERSON**_____ requests that **VICTORIA LOGISTICS LLC**

14  answer the following interrogatories in conjunction with this matter. If an

15  objection is made, please state the reason for the objection. If denying the

16  matter, please set forth in detail the reasons why the answering party cannot

17  answer the questions.

18                      **Interrogatories**

19  1. LUIS BATISTA, owner, president DOB 10/10/1975

20  2. Victoria Logistics LLC. 691 E 63 ST Hialeah FL 33013

21  3. Yes, Victoria Logistics LLC2.

22  4. Monroe county failure to mantain lane

23  5.driver license and record checked

24  6. Just this incident

25  7. load freight

26  8. About 5 years , President

27  9. Victoria Logistics LLC

28    10 total Loss

11.NO. alcohol, drugs, etc

12. yes, was not paid

13. N/A

14. N/A

15. Luis Batista,  2015

16. N/A

17. Yes

18. N/A

19. N/A

20.N/A

21. N/A

22. N/A

23. N/A

24. often

25. No

### Certification Under Penalty of Perjury

I certify under penalty of perjury pursuant to the laws of the State of

_____ that the foregoing is true and correct.

Answered this 14 day of March , 2022 .

Victoria Logistics LLC

[Party's Name]

Name: Luis Batista

Its: _____

[Party]

Patient Name: **Batista, Luis**
MRN: **10083101**
Encounter: **907019511**

Admit Date: **4/2/2020**
Discharge Date: **4/2/2020**

## Emergency Documentation

© 2006-2020 Healthwise, Incorporated.
Las instrucciones de cuidado fueron adaptadas bajo licencia por su profesional de atención médica. Si usted tiene preguntas sobre una afección médica o sobre estas instrucciones, siempre pregunte a su profesional de salud. Healthwise, Incorporated niega toda garantía o responsabilidad por su uso de esta información.

Document Type:
Service Date/Time:
Result Status:
Document Subject:
Perform Information:
Sign Information:

ED Patient Summary
4/2/2020 21:32 EDT
Modified
ED Patient Summary
Estopinales,Adrian (4/2/2020 21:32 EDT)
Estopinales,Adrian (4/2/2020 21:32 EDT); Giovanni,Ann C MD (4/2/2020 21:11 EDT)

**ED Patient Summary**

### West Kendall Baptist Hospital

**9555 SW 162 Ave., Miami, FL 33196**

**786-467-2000**

**Discharge Instructions (Patient)**

**Name:** Batista, Luis
**DOB:** 10/10/65          **MRN:** 10083101          **FIN:** 907019511
**Reason For Visit:** Chest pain; Cough; Tachycardia @ 117; Fever; "cough"
**Final Diagnosis:** Atypical pneumonia; Coronavirus infection SUSPECT COVID19; Thrombocytopenia; Viral illness

**Visit Date:** 04/02/20 17:52:00
**Address:** 14912 SW 18TH TER Miami FL 33185
**Phone:**

**Primary Care Provider:**
  **Name:** No PCP, NO  PCP
  **Phone:**

**Emergency Department Providers:Primary Physician:**
Giovanni, Ann C MD

**Advanced Practitioner Provider:**

Scanned with CamScanner

DDS-32(1/10)

## GEORGIA
## UNIFORM TRAFFIC CITATION, SUMMONS AND ACCUSATION

Court Case Number

GA1020000
NCIC Number

**No**  202000167

Citation Number

MONROE CO SO

**SECTION I · VIOLATOR**

Upon
Month  MARCH  (Day)  31  (Year)  2020  at  04:00  ☐ A.M. ☐ P.M.

Operator License No.  B-323-520-65-370-0

License Class or Type  CLASS A  State  FL  Endorsements:  Expires  10/10/2025

Name  BATISTA  (Last)  LUIS  (First)  (Middle)

Address  14912 SW 18TH TER

City  MIAMI  State  FL  Zip Code  33185  Tel

DOB  10/10/1965  Hair  BLK  Hgt  507  Wgt  200  Sex  M  Race  H  Eyes  BRO

Veh Yr  2009  Make  FREI  Style  TR  Color  BLU

Registration No.  JB19BZ  Yr  2020  State  FL

CDL ☐ YES ☐ NO   ACCIDENT ☐ YES ☐ NO   INJURIES ☐ YES ☐ NO   FATALITIES ☐ YES ☐ NO

**SECTION II VIOLATION**

☐ 2 LANE RD ☐ SCHOOL ZONE ☐ DRIVER REG ACCURACY CHECK ☐ VASCAR ☐ LASER ☐ RADAR
Within the State of Georgia, did commit the following offense: SPEEDING - Clocked by ☐ PATROL VEHICLE ☐ OTHER
(Serial #  Calibration/Check  ) at  MPH in a  Zone

☐ DUI (Test Administered ☐ BLOOD ☐ BREATH ☐ URINE ☐ OTHER) DUI Test Results
TEST ADMINISTERED BY (if Applicable)

OFFENSE (Other than above)  **FAILURE TO MAINTAIN LANE**

In Violation of Code Section  40-6-48  of ☐ State Law ☐ Local Ordinance

REMARKS

**SECTION III LOCATION**

| WEATHER | (A) ROAD (B) | TRAFFIC | LIGHTING | COMMERCIAL VEHICLE INFORMATION |
|---|---|---|---|---|
| ☐ Clear | ☐ Dry ☐ Concrete | ☐ Light | ☐ Daylight | ☐ Commercial Vehicle Violation |
| ☐ Cloudy | ☐ Wet ☐ Blacktop | ☐ Medium | ☐ Darkness | ☐ Hazardous Material Violation (PLACARD) |
| ☐ Raining | ☐ Ice ☐ Dirt | ☐ Heavy | ☐ Other | ☐ 16+ Passenger Vehicle |
| ☐ Other | ☐ Other ☐ Other | | | |

County of  MONROE  and  miles  ☐ at (city)  FORSYTH

on  75 NB PAST 194-195  ☐ at or near  mile post  ☐ or within (city)  FORSYTH

at/on (secondary location)

**SECTION IV OFFICER**

Officer  (Print)  SHERRELL, CHRIS  Badge #  262  Div  PATROL

You are hereby ordered to appear in Court to answer to a charge on the  08  day of  JULY

2020  at  09:00  ☐ AM ☐ PM in the  PROBATE  Court

at  1 COURTHOUSE SQUARE

City  FORSYTH  Georgia

**SECTION V SUMMONS**

NOTICE:  This citation shall constitute official notice to you that **failure to appear in Court** on the date and time stated on this citation to dispose of the cited charges against you shall cause the designated Court to forward your driver's license number to the Department of Driver Services, and **your driver's license shall be suspended.**  (Georgia Code 17-6-11 and 40-5-56)  The suspension shall remain in effect until such time as there is a satisfactory disposition in this matter or the Court notifies the Department of Driver Services.

LICENSE DISPLAYED IN LIEU OF BAIL ☐ YES ☐ NO  REFUSED TO

SIGNATURE ACKNOWLEDGES SERVICE OF THIS SUMMONS AND RECEIPT OF COPY OF SAME  A.T.

SIGNATURE

**SECTION VI CERTIFICATION**

ARRESTING OFFICER'S CERTIFICATION
The undersigned has just and/or reasonable grounds to believe, and does believe, that the person named herein has committed the offense set forth, contrary to law.

SIGNATURE

Signature of Arresting Officer  Badge #  262

AUTHORIZED AND APPROVED PURSUANT TO
CODE 40-13-1 · D.D.S. REG. 375-3-4-01

VIOLATOR COPY

AGENCY CASE NO. 202000/032  ·  NCIC NO. GA1020000

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MONROE COUNTY, GEORGIA

**SUCV2021000489**

**MAR 28, 2022 04:19 PM**

*Lindsey Taylor*
Lindsey Taylor, Clerk
Monroe County, Georgia

IN THE SUPERIOR COURT OF MONROE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RICHARD PIERSON | |
| Plaintiff, | CIVIL ACTION |
| | FILE NO.:  SUCV2021000489 |
| v. | |
| LUIS BATISTA and | |
| VICTORIA LOGISTICS, LLC | |
| Defendants | |

## CONSENT MOTION TO WITHDRAW
## ANSWER AND RESPONSES TO INTERROGATORIES
## BY DEFENDANTS LUIS BATISTA AND VICTORIA LOGISTICS, LLC

COME NOW the Parties and move the Court for an Order permitting the Defendants Luis Batista and Victoria Logistics, LLC (hereinafter collectively referred to as "Defendants") to withdraw their Answer and Affirmative Defenses and Responses to Plaintiff's Request for Interrogatories both manually filed with this Court on March 22, 2022 and electronically filed with this Court on March 23, 2022.  Defendants will timely respond to the Complaint by the March 30, 2022 deadline.

Respectfully submitted, this 28th day of March, 2022.

*[signatures on following page]*

M0856152.1 15741                                                1

KENNETH S. NUGENT, PC

/s/ Jan P. Cohen_____
*(with express permission by Matthew R. Sessions)*
Jan P. Cohen, Esq.
Georgia Bar No. 174337
jcohen@attorneykennugent.com
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
Phone:  (770) 495-6688
Fax:  (770) 495-6787
**Attorneys for Plaintiff**

MCMICKLE, KUREY & BRANCH, LLP

/s/ Matthew R. Sessions_____
Scott W. McMickle, Esq.
Georgia Bar No.: 497779
swm@mkblawfirm.com
Matthew R. Sessions
Georgia Bar No.: 899806
msessions@mkblawfirm.com
217 Roswell Street, Suite 200
Alpharetta, GA 30009
Phone: (678) 824-7800
Fax:     (678) 824-7801
**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing **CONSENT MOTION TO WITHDRAW ANSWER AND RESPONSES TO INTERROGATORIES BY DEFENDANTS LUIS BATISTA AND VICTORIA LOGISTICS, LLC** with the Clerk of the Court using the PeachCourt e-Filing system, which will send a notification attaching same thereon to the following counsel of record:

Jan P. Cohen, Esq.
jcohen@attorneykennugent.com
Kenneth S. Nugent, PC
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
***Attorneys for Plaintiff***

This 28th day of March, 2022.


*/s/Matthew R. Sessions*
MATTHEW R. SESSIONS
For the Firm

M0856152.1 15741                                     3

IN THE SUPERIOR COURT OF MONROE COUNTY
STATE OF GEORGIA

RICHARD PIERSON

     Plaintiff,

v.

LUIS BATISTA and
VICTORIA LOGISTICS, LLC

     Defendants

CIVIL ACTION
FILE NO.:  SUCV2021000489

## CONSENT ORDER PERMITTING WITHDRAWAL
## OF ANSWER AND RESPONSES TO INTERROGATORIES
## BY DEFENDANTS LUIS BATISTA AND VICTORIA LOGISTICS, LLC

The Parties' Consent Motion having come before the Court, and having found good cause, the Court hereby grants the Parties' Consent Motion and

**ORDERS** that the Answer and Responses to Interrogatories on behalf of Defendants Luis Batista and Victoria Logistics, LLC manually filed on March 22, 2022 and electronically filed on March 23, 2022 are hereby withdrawn.

SO ORDERED, this _____ day of _____, 2022.

_____
Honorable William A. Fears
Judge, Superior Court of Monroe County, Georgia

4

CONSENTED TO BY:

KENNETH S. NUGENT, PC                    MCMICKLE, KUREY & BRANCH, LLP

/s/ Jan P. Cohen                         /s/ Matthew R. Sessions
*(with express permission by Matthew R. Sessions)*   Scott W. McMickle, Esq.
Jan P. Cohen, Esq.                       Georgia Bar No.: 497779
Georgia Bar No. 174337                   swm@mkblawfirm.com
jcohen@attorneykennugent.com             Matthew R. Sessions
4227 Pleasant Hill Road                  Georgia Bar No.: 899806
Building 11, Suite 300                   msessions@mkblawfirm.com
Duluth, GA 30096                         217 Roswell Street
Phone:  (770) 495-6688                   Suite 200
Fax:  (770) 495-6787                     Alpharetta, GA 30009
**Attorneys for Plaintiff**              Phone: (678) 824-7800
                                         Fax:     (678) 824-7801
                                         **Attorneys for Defendants**